## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AKIRA S. LEWIS,           )
                             )
           Plaintiff,      )
                             )     Case No. 2:19-CV-02636-KHV-KGG
v.                       )
                             )
CITY OF LAWRENCE, KANSAS, et al.,   )
                             )
          Defendants.   )

### DEFENDANT CITY OF LAWRENCE'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant City of Lawrence, Kansas ("City"), by and through its undersigned counsel, and for its Answer to Plaintiff's Petition states and alleges as follows:

### PARTIES

1.    Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 1 of the Petition and therefore they are denied.

2.    Defendant admits the allegations contained in paragraph 2 of the Petition.  Further, Defendant states that Plaintiff and Defendant have conferred and agree that the Lawrence Police Department ("LPD") is not a separate entity capable of being sued and is not a party to this case; rather, the LPD has simply been identified in this lawsuit as a department of the City.

3.    Defendant admits the allegations contained in paragraph 3 of the Petition.

4.    Defendant admits the allegations contained in the first paragraph 4 in the Petition.

4.    Defendant is presently without sufficient information to admit or deny the allegations contained in the second paragraph 4 of the Petition and therefore they are denied.

**JURISDICTION, VENUE AND NOTICE**

5.      Defendant states that the allegations contained in paragraph 5 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Petition.

6.      Defendant states that the allegations contained in paragraph 6 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Petition.

7.      Defendant states that the allegations contained in paragraph 7 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 7 of the Petition.

8.      Defendant states that the allegations contained in paragraph 8 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Petition.

**STATEMENT OF FACTS**

9.      Defendant admits the allegations contained in paragraph 9 of the Petition.

10.      Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 10 of the Petition and therefore they are denied.

11.      Defendant admits the allegations contained in paragraph 11 of the Petition.

12.      Defendant admits the allegations contained in paragraph 12 of the Petition.

13.      Defendant admits the allegations contained in paragraph 13 of the Petition.

14.      Defendant admits the allegations contained in paragraph 14 of the Petition.

15.      Defendant admits that Officers McCann and Blood were employed as law enforcement officers as of May 29, 2018, and that defendant McCann remains employed as a law

enforcement officer for the City.  However, Defendant is presently without sufficient information to admit or deny the remaining allegations contained in paragraph 15 of the Petition and therefore they are denied.

16.    Defendant admits some officers expressed concern over Blood's performance of certain exercises, but she passed training and was commissioned.  Defendant denies each and every other allegation contained in paragraph 16 of the Petition.

17.    Defendant admits Officer Blood received training from more than one officer, passed training, and was commissioned.  Defendant denies each and every other allegation contained in paragraph 17 of the Petition.

18.    Defendant admits the allegations contained in paragraph 18 of the Petition.

19.    Defendant admits the allegations contained in paragraph 19 of the Petition.

20.    Defendant admits the allegations contained in paragraph 20 of the Petition.

21.    Defendant admits the allegations contained in paragraph 21 of the Petition.

22.    Defendant admits Plaintiff asked to speak with a supervisor.  Defendant denies each and every other allegation contained in paragraph 22 of the Petition.

23.    Defendant admits that Officer McCann did call a supervisor to the site of the traffic stop, but denies each and every other allegation contained in paragraph 23 of the Petition.

24.    Defendant admits Officer McCann called for non-emergent back-up.  Defendant denies each and every other allegation contained in paragraph 24 of the Petition.

25.    Defendant admits the allegations contained in paragraph 25 of the Petition.

26.    Defendant admits Officer McCann indicated that Plaintiff was going to jail, opened the driver's side door of Plaintiff's vehicle, asked Plaintiff to get out of the vehicle, and attempted

to remove Plaintiff from the vehicle.  Defendant denies each and every other allegation contained in paragraph 26 of the Petition.

27.     Defendant admits the allegations contained in paragraph 27 of the Petition.

28.     Defendant admits that Officer Blood entered the passenger side of Plaintiff's vehicle, but is presently without sufficient information to admit or deny the remaining allegations contained in paragraph 28 of the Petition and therefore they are denied.

29.     Defendant admits the allegations contained in paragraph 29 of the Petition.

30.     Defendant admits Officer McCann and Officer Blood attempted to remove plaintiff from the vehicle, and that Officer Blood applied a Pressure point Maneuver. Defendant denies each and every other allegation contained in paragraph 30 of the Petition.

31.     Defendant admits that Plaintiff initiated a physical altercation with Officer McCann.  Defendant denies each and every other allegation contained in paragraph 31 of the Petition.

32.     Defendant admits the allegations contained in paragraph 32 of the Petition.

33.     Defendant admits Officer Blood drew her firearm and discharged a round into Plaintiff's back.  Defendant denies each and every other allegation contained in paragraph 33 of the Petition.

34.     Defendant denies the allegations contained in paragraph 34 of the Petition.

35.     Defendant admits the allegations contained in paragraph 35 of the Petition.

36.     Defendant admits that Officer Blood did not use her TASER, baton, or OC spray, but denies the remaining allegations contained in paragraph 36 of the Petition.

37.     Defendant admits the allegations contained in paragraph 37 of the Petition.

38.     Based upon information and belief, defendant admits the allegations contained in paragraph 38 of the Petition.

39.     Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 39 of the Petition and therefore they are denied.

40.     Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 40 of the Petition and therefore they are denied.

41.     Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 41 of the Petition and therefore they are denied.

42.     Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 42 of the Petition and therefore they are denied.

43.     Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 43 of the Petition and therefore they are denied.

44.     Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 44 of the Petition and therefore they are denied.

45.     Defendant denies the allegations contained in paragraph 45 of the Petition.

**COUNT I – EXCESSIVE FORCE**

46.     Defendant incorporates by reference as though fully stated herein their responses, defenses, and denials made in response to paragraphs 1 through 45.

47.     Paragraph 47 provides a statement and conclusion of law to which a response is not Required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Petition.

48.     Paragraph 48 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 48 of the Petition.

49.     Paragraph 49 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant states that the allegations contained in paragraph 49 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 49 of the Petition.

50.     Paragraph 50 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant states that the allegations contained in paragraph 50 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 50 of the Petition.

51.     Paragraph 51 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant states that the allegations contained in paragraph 51 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 51 of the Petition.

52.     Paragraph 52 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 52 of the Petition.

53.     Paragraph 53 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant states that the

allegations contained in paragraph 53 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Petition.

54.   Paragraph 54 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant states that the allegations contained in paragraph 54 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 54 of the Petition.

55.   Paragraph 55 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 55 of the Petition.

56.   Paragraph 56 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 56 of the Petition.

57.   Paragraph 57 of Plaintiff's Petition does not state a claim against this Defendant, so no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 57 of the Petition and in the WHEREFORE clause of Count I of the Petition.

## COUNT II – FAILURE TO TRAIN AND SUPERVISE

58.   Defendant incorporates by reference as though fully stated herein their responses, defenses, and denials made in response to paragraphs 1 through 57.

59.   Defendant states that the allegations contained in paragraph 59 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant

denies the allegations contained in paragraph 59 of the Petition.

60.     Defendant states that the allegations contained in paragraph 60 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 60 of the Petition.

61.     Defendant states that the allegations contained in paragraph 61 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 61 of the Petition.

62.     Defendant denies the allegations contained in paragraph 62 of the Petition.

63.     Defendant denies the allegations contained in paragraph 63 of the Petition.

64.     Defendant denies the allegations contained in paragraph 64 of the Petition.

65.     Defendant denies the allegations contained in paragraph 65 of the Petition. Defendant further denies the allegations contained in the WHEREFORE clause of Count II of the Petition.

## COUNT III – NEGLIGENCE

66.     Defendant incorporates by reference as though fully stated herein their responses, defenses, and denials made in response to paragraphs 1 through 65.

67.     Defendant states that the allegations contained in paragraph 67 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 67 of the Petition.

68.     Defendant denies the allegations contained in paragraph 68 of the Petition.

69.     Defendant denies the allegations contained in paragraph 69 of the Petition.

70.     Defendant admits the allegations contained in paragraph 70 of the Petition.

71.     Defendant states that the allegations contained in paragraph 71 contain legal

conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 71 of the Petition.  Defendant further denies the allegations contained in the WHEREFORE clause of Count III of the Petition.

## COUNT IV - BATTERY

72.     Defendant incorporates by reference as though fully stated herein their responses, defenses, and denials made in responses to paragraphs 1 through 71.

73.     Defendant denies the allegations contained in paragraph 73 of the Petition.

74.     Defendant denies the allegations contained in paragraph 74 of the Petition.

75.     Defendant denies the allegations contained in paragraph 75 of the Petition.

76.     Defendant denies the allegations contained in paragraph 76 of the Petition.

77.     Defendant admits the allegations contained in paragraph 77 of the Petition.

78.     Defendant states that the allegations contained in paragraph 78 contain legal conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 78 of the Petition.  Defendant further denies the allegations contained in the WHEREFORE clause of Count IV of the Petition.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79.     Defendant incorporates by reference as though fully stated herein their responses, defenses, and denials made in response to paragraphs 1 through 78.

80.     Defendant denies the allegations contained in paragraph 80 of the Petition.

81.     Defendant denies the allegations contained in paragraph 81 of the Petition.

82.     Defendant denies the allegations contained in paragraph 82 of the Petition.

83.     Defendant admits the allegations contained in paragraph 83 of the Petition.

84.     Defendant states that the allegations contained in paragraph 84 contain legal

conclusions such that a response is not required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 84 of the Petition.  Defendant further denies the allegations contained in the WHEREFORE clause of Count V of the Petition.

### DEFENSES AND AFFIRMATIVE DEFENSES

Defendant's affirmative and other defenses are set forth below. By stating a defense, defendant does not thereby assume the burden of proof on such defense except to the extent applicable law requires defendant to plead and prove the defense in order to avail itself of the defense. Defendant reserves the right to assert any additional defenses that arise during discovery or evidence presented at trial.

1.      Plaintiff's Petition fails to state a claim or cause of action upon which relief may be granted and should accordingly be dismissed.

2.      For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff's claims are barred in whole or in part to the extent he failed to comply with the jurisdictional and/or procedural prerequisites for any claims in this action.

3.      For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff's state law claims are barred or limited by the Kansas Tort Claims Act, K.S.A 75-6101 *et seq*.

4.      For further answer and defense to Plaintiff's Petition, Defendant states it is immune from liability under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq*.

5.      For further answer and defense to Plaintiff's Petition, Defendant states the amount of damages from the non-economic loss that can be awarded to Plaintiff on his state law and § 1983 claims are limited by K.S.A 60-19a02.

6.     For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff's cause of action under 42 USC §1983 is barred because a comprehensive remedial scheme(s) already exists for such claims.

7.     For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff has not, and cannot, point to a custom, policy, or practice of the Defendants that violated Plaintiff's constitutional rights (if any).

8.     For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff had no constitutional rights that were violated by any of the Defendants.

9.     For further answer and defense to Plaintiff's Petition, Defendant states that compensatory or punitive damages are barred and/or limited to the amounts authorized by Federal or Kansas law.

10.     For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by them or to avoid harm otherwise.

11.     For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff's damages, if any, were caused by his own conduct.

12.     For further answer and defense to Plaintiff's Petition, Defendant states that Plaintiff's claims should be reduced pursuant to the principles of comparative fault set forth in K.S.A. § 60-258(a).

13.     For further answer and defense to Plaintiff's Petition, Defendant states it is entitled to an off-set or credit for any adjustments of Plaintiff's medical expenses through any governmental insurance programs and private health insurance programs which may have adjusted his medical expenses.

14.     For further answer and defense to Plaintiff's Petition, Defendant states Plaintiff has failed to mitigate his damages in this matter.

15.     For further answer and defense to Plaintiff's Petition, Defendant states the damages alleged by Plaintiff, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful actions by Defendant.  Accordingly, any such damages should be either completely denied or apportioned according to the evidence.

16.     For further answer and defense to Plaintiff's Petition, Defendant states the damages alleged by Plaintiff, to the extent any exist, are speculative and uncertain and, therefore, not compensable.

17.     For further answer and defense to Plaintiff's Petition, Defendant states that any and all allegations not specifically admitted herein are denied.

18.     For further answer and defense to Plaintiff's Petition, Defendant reserves the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all claims made by Plaintiff in which a jury trial is permitted.

Respectfully submitted,

/s/ Sean M. Sturdivan
Sean M. Sturdivan          KS #21286
Elizabeth Evers Guerra     KS #22580
Jacob D. Bielenberg        KS #27601
SANDERS WARREN RUSSELL & SCHEER LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS  66210
Phone: 913-234-6100 Fax: 913-234-6199
s.sturdivan@swrsllp.com
e.evers@swrsllp.com
j.bielenberg@swrsllp.com
**ATTORNEYS FOR CITY OF LAWRENCE,
KANSAS, LAWRENCE POLICE
DEPARTMENT, CHIEF GREGORY BURNS,
AND IAN MCCANN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

Shaye L. Downing
Danielle N. Davey
SLOAN, EISENBARTH, GLASSMAN,
MCENTIRE & JARBOE, L.L.C.
900 Massachusetts, Suite 200
Lawrence, KS  66044
Phone: 785-842-6311
Fax: 785-842-6312
sdowning@sloanlawfirm.com
ddavey@sloanlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

/s/ Sean M. Sturdivan
**ATTORNEY**