**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| AKIRA S. LEWIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:19-cv-02636-KHV |
| CITY OF LAWRENCE, KANSAS, et al., | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Akira S. Lewis, by and through his attorneys, complains against the City of Lawrence, Kansas, the Lawrence Police Department, Ian McCann, and Brindley Blood, and states as follows:

## JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Mr. Lewis's federal claims under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Mr. Lewis's state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this Court's jurisdiction under the provisions of 28 U.S.C. §1391(b) because the events giving rise to Mr. Lewis's claims occurred in the District of Kansas.

## PARTIES

4. The Plaintiff, Akira S. Lewis, is an individual who resides in Lawrence, Douglas County, Kansas.

5. The defendant, City of Lawrence, Kansas, is a governmental entity organized and operating pursuant to the laws of the State of Kansas and can be served with process upon the City Clerk at City Hall, 6 East 6th Street, Lawrence, Kansas 66044.

6. Defendant Ian McCann is an individual who resides in Lawrence, Douglas County, Kansas.

7. Defendant Brindley Blood is an individual who resides in Lawrence, Douglas County, Kansas.

**FACTUAL ALLEGATIONS**

8. The City of Lawrence, Kansas ("the City") operates and oversees the Lawrence Police Department.

9. At all times relevant hereto the City acted by and through the Lawrence Police Department and its employees.

10. The Lawrence Police Department conducts its own, internal, training program rather than sending recruits to the Kansas State Police Academy in Hutchinson, Kansas.

11. The Lawrence Police Department Basic Recruit Academy ("Academy") is a twenty-six (26) week in-house academy.

12. All education, training and evaluation at the Academy is provided by Lawrence Police Department employees.

13. Following the Academy, Lawrence police recruits spend sixteen (16) weeks in field training, patrolling with commissioned Lawrence police officers.

14. At all times relevant hereto, Defendants McCann and Blood were employed as law enforcement officers in the Lawrence Police Department

15. Upon information and belief, during Officer Blood's time in the Academy and in field training, several training officers expressed concern regarding Officer Blood's performance and competency to work in law enforcement.

16. Despite the concerns expressed by training officers, Officer Blood was assigned to multiple training officers until she was eventually passed through training.

17. Officer Blood began patrolling unsupervised in March 2018.

18. On May 29, 2018, Plaintiff was operating his vehicle in Lawrence, Douglas County, Kansas.

19. At approximately 6th Street and Massachusetts Street, Lawrence Police Officer Ian McCann initiated a traffic stop of Plaintiff's vehicle.

20. Officer McCann approached Plaintiff's vehicle and indicated that the traffic stop was for failure to wear a seatbelt.

21. Plaintiff, believing that Officer McCann's proffered reason for the stop was pretext for a racially motivated stop, asked to speak with a supervisor.

22. Officer McCann refused Plaintiff's request multiple times.

23. After Plaintiff and Officer McCann argued for several minutes over whether Plaintiff could speak to a supervisor, Officer McCann called for back-up on a non-emergency basis.

24. Officer Brindley Blood responded to the request for back-up and arrived at the traffic stop moments later.

25. When Officer Blood arrived at the stop, Officer McCann indicated that Plaintiff was "going to jail", opened the driver's side door of Plaintiff's vehicle and began grabbing Plaintiff's arm and attempting to forcibly pull Plaintiff from the vehicle by his arm.

26. Officer Blood went to the passenger side and assist Officer McCann with removing Plaintiff from the vehicle.

27. Officer Blood entered Plaintiff's vehicle on the passenger side and began attempting to forcibly push Plaintiff from the vehicle.

28. Plaintiff explained to Officer Blood that he had requested to speak to a supervisor and again made the same request.

29. Officers McCann and Blood continued to attempt to forcibly remove Plaintiff from his vehicle, including Officer Blood using a pressure point maneuver to inflict pain on Plaintiff and give Officer McCann an "advantage."

30. Plaintiff exited the vehicle and a physical altercation between Officer McCann and Plaintiff occurred.

31. Officer Blood exited the passenger side of Plaintiff's vehicle and came around the back of Plaintiff's vehicle to where the physical altercation between Plaintiff and Officer McCann was occurring.

32. Officer Blood immediately drew her firearm and discharged one round into Plaintiff's back.

33. During the altercation between Officer McCann and Plaintiff, neither Officer McCann nor Officer Blood assessed the altercation as requiring deadly force.

34. Officer Blood had on her Lawrence Police Department issued utility belt a TASER, an expandable baton, and oleoresin capsicum (OC) spray.

35. At no time did Officer Blood attempt to intervene in the physical altercation with her TASER, baton, OC spray, physical force or any other improvised impact device.

36. Subsequent to Plaintiff being shot, Officer McCann used his body weight to hold Plaintiff down on the hot pavement despite no resistance from Plaintiff and protests by Plaintiff that the pavement was burning him.

37. Prior to being taken to the hospital, Plaintiff provided Officer McCann with his wife's phone number and asked that she be contacted.

38. Plaintiff was taken to Stormont-Vail Hospital in Topeka for trauma care.

39. Officer Blood's bullet entered lateral to Plaintiff's spine and just above his hips.

40. Officer Blood's bullet had to be surgically removed from Plaintiff, requiring a small bowel resection.

41. Despite providing Officer McCann with his wife's telephone number, no one at the Lawrence Police Department contacted Plaintiff's wife.

42. Plaintiff's wife learned of the shooting on Facebook.

43. When Plaintiff's wife was later contacted by a nurse at Stormont-Vail and immediately went to the hospital, she was denied any information regarding Plaintiff or his condition and was not permitted to see him under the premise that Plaintiff was "in custody."

44. For several days, Plaintiff was denied any opportunity to speak with his wife or family and had uniformed police stationed outside, and at times inside, his hospital room.

45. Plaintiff has incurred past and future medical damages, past and future lost wages, and has suffered and continues to suffer from emotional distress relative to being shot by Officer Blood.

**COUNT I – EXCESSIVE FORCE**
(Against Defendant Blood)

46. Plaintiff incorporates all other paragraphs of this Petition as if fully set forth herein.

47. 42 U.S.C. §1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

48. Plaintiff is a citizen of the United States and both of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

49. Defendant Blood, at all relevant times hereto, was acting under the color of state law in her capacity of Lawrence, Kansas police officer and her acts or omissions were conducted within the scope of her official duties or employment.

50. At the time of the complained of events, Plaintiff had a clearly established constitutional rights under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

51. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

52. Defendant Blood's actions and use of force, as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

53. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

54. The force used by Defendant Blood shocks the conscience and violated the Fourteenth Amendment rights of Plaintiff.

55. Defendant Blood is not entitled to qualified immunity for the complained of conduct.

56. As a proximate result of Defendant Blood's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses.

57. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for an amount in excess of $100,000, for prejudgment and post judgment interest, the costs of this action, and for such other and further relief as the Court may deem just and equitable in the premises.

**COUNT II – FAILURE TO TRAIN AND SUPERVISE**
(As to Defendant City of Lawrence, Lawrence Police Department)

58. Plaintiff incorporates all other paragraphs of this Petition as if fully set forth herein.

59. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. See, *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).

60. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting to a deliberate indifference to one's constitutional rights. See, *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

61. At all times relevant, Defendant City of Lawrence, acting by and through the Lawrence Police Department and its employees, had a duty to properly train, supervise and discipline their employees and agents.

62. Defendant breached that duty, in part, by improperly training, authorizing, encouraging or directing officers, including and specifically Officer Blood, on proper use of force.

63. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned and the Defendant entities failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

64. The City of Lawrence, Lawrence Police Department failed to take sufficient remedial actions to end this policy, pattern of practice or custom and ensure the proper training, supervision and discipline of officers.

65. The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for an amount in excess of $100,000, for prejudgment and post judgment interest, the costs of this action, and for such other and further relief as the Court may deem just and equitable in the premises.

**COUNT III – NEGLIGENCE**

(As to Defendants Blood and City of Lawrence, Lawrence Police Department)

66. Plaintiff incorporates all other paragraphs of this Petition as if fully set forth herein.

67. By taking affirmative action to assist Officer McCann in forcibly removing Plaintiff from his vehicle, and in acting to intervene in the altercation between Officer McCann and Plaintiff, Officer Blood owed Plaintiff a duty of care to act reasonably and to not use excessive force.

68. Officer Blood breached the duty of care owed when she shot Plaintiff in the back with her firearm rather than using less deadly force.

69. The breach of the duty of care by Officer Blood caused Plaintiff to suffer substantial damages including past and future medical expenses, past and future economic loss and past and future noneconomic loss.

70. At all relevant times, Officer Blood was acting in the scope of her employment with the City of Lawrence.

71. Pursuant to K.S.A. 75-6103(a) the City of Lawrence is liable for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for an amount in excess of $100,000, for prejudgment and post judgment interest, the costs of this action, and for such other and further relief as the Court may deem just and equitable in the premises.

**COUNT IV – BATTERY**

(As to Defendants McCann, Blood and City of Lawrence, Lawrence Police Department)

72. Plaintiff incorporates all other paragraphs of this Petition as if fully set forth herein.

73. Defendants attempts to forcibly remove Plaintiff from his vehicle, including pulling Plaintiff by his arm and the use of physically painful tactics to manipulate Plaintiff, without his consent, was done with the intent and purpose of causing harmful or offensive contact with Plaintiff.

74. Defendant Blood's gunshot to Plaintiff's back was done with the intent and purpose of causing harmful or offensive contact with Plaintiff.

75. As a direct and proximate result of Defendants' actions, Plaintiff has incurred damages in excess of $100,000.

76. Defendants are liable for all damages incurred by Plaintiff as a result of the injuries caused by Defendants' actions.

77. At all relevant times, Officers McCann and Blood were acting in the scope of their employment with the City of Lawrence.

78. Pursuant to K.S.A. 75-6103(a) the City of Lawrence is liable for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for an amount in excess of $100,000, for prejudgment and post judgment interest, the costs of this action, and for such other and further relief as the Court may deem just and equitable in the premises.

**COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(As to Defendants McCann, Blood and City of Lawrence)

79. Plaintiff incorporates all other paragraphs of this Petition as if fully set forth herein.

80. Defendants McCann and Blood knew or should have known that their conduct, including the use of physically painful tactics to forcibly remove Plaintiff from his vehicle, shooting Plaintiff and holding Plaintiff down on hot pavement, would and did in fact cause Plaintiff great physical, mental, nervous and emotional pain and suffering.

81. In addition, by failing or refusing to notify Plaintiff's wife, despite being provided with her contact information, transporting Plaintiff to a hospital out of town, admitting Plaintiff to the hospital under an alias, standing guard at Plaintiff's hospital room and refusing to allow Plaintiff to have contact with his family for several days, the Lawrence Police Department knew or should have known that its conduct would and did in fact cause Plaintiff to incur great mental, nervous and emotional pain and suffering.

82. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered both physical pain and suffering as well as mental and emotional pain and suffering.

83. At all relevant times, Officers McCann and Blood were acting in the scope of their employment with the City of Lawrence.

84. Pursuant to K.S.A. 75-6103(a) the City of Lawrence is liable for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for an amount in excess of $100,000, for prejudgment and post judgment interest, the costs of this action, and for such other and further relief as the Court may deem just and equitable in the premises.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Plaintiff requests a trial by jury on all claims triable to a jury.

Respectfully Submitted by:

SLOAN, EISENBARTH, GLASSMAN,
MCENTIRE & JARBOE, L.L.C.
900 Massachusetts, Ste 200
Lawrence, KS 66044
Phone: (785) 842-6311
Fax: (785) 842-6312

*/s/Danielle N. Davey*
Shaye L. Downing, KS #22152
sdowning@sloanlawfirm.com
Danielle N. Davey, KS #24205
ddavey@sloanlawfirm.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

Sean M. Sturdivan
Elizabeth Evers Guerra
Jacob D. Bielenberg
SANDERS WARREN RUSSELL & SCHEER, LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210
Phone: 913-234-6100
Fax: 913-234-6199
s.sturdivan@swrsllp.com
e.evers@swrsllp.com
j.bielenberg@swrsllp.com
Attorneys for City of Lawrence,
Chief Gregory Burns and Ian McCann

/s/ Danielle N. Davey
Shaye L. Downing, #22152
Danielle N. Davey, #24205