# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **AKIRA S. LEWIS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 19-2636-KHV** |
| | ) | |
| **CITY OF LAWRENCE, KANSAS, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On September 20, 2019, in the Seventh Judicial District Court of Douglas County, Kansas,

Akira S. Lewis sued the City of Lawrence, Kansas, Chief of Police of the Lawrence Police

Department Gregory Burns, Officer Ian McCann and Officer Brindley Blood, alleging that

McCann and Blood mishandled a traffic stop, which led to Blood shooting plaintiff.[1]   On

October 16, 2019, defendants removed the case to federal court.  Notice Of Removal Of Civil

Action (Doc. #1).  Plaintiff brings various claims under 42 U.S.C § 1983 and state law.  This

matter is before the Court on three motions: defendants' Motion To Dismiss Plaintiff's Complaint

Against Defendant Officer Ian McCann (Doc. #9) filed December 6, 2019; defendants' Motion To

Dismiss Plaintiff's Complaint Against Defendant Chief Gregory Burns (Doc. #11) filed

---

[1]      Plaintiff also brings claims against the Lawrence Police Department.  In the
memorandum in support of their motion to dismiss, defendants assert that plaintiff has agreed that
he does not assert claims against the police department as a separate entity, but only as a
department of the City of Lawrence.  See Defendant Officer Ian McCann's Memorandum In
Support Of Motion To Dismiss (Doc. #10) filed December 6, 2019 at n.1.  In response, plaintiff
does not disagree.  See Plaintiff's Memorandum In Opposition To Defendants' Motion To
Dismiss (Doc. #19) filed January 10, 2020.

December 6, 2019; and plaintiff's <u>Motion For Leave To File An Amended Complaint</u> (Doc. #20) filed January 10, 2020. For reasons stated below, the Court sustains defendants' motion to dismiss plaintiff's claims against McCann, overrules as moot defendants' motion to dismiss plaintiff's claims against Burns and sustains plaintiff's motion to for leave to amend.

## Legal Standards

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. <u>Id.</u> at 679-80; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. <u>Iqbal</u>, 556 U.S. at 679. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. <u>Id.</u> at 678. However, plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. <u>Id.</u> at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on the type of case. <u>Robbins v. Okla.</u>, 519 F.3d 1242, 1248 (10th Cir. 2008).

The Court need not accept as true those allegations which state only legal conclusions. <u>See Iqbal</u>, 556 U.S. at 678; <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather,

plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678.

Leave to amend is a matter committed to the sound discretion of the Court. See First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987). Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend "should be freely given when justice so requires." The Court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

**Factual Background**

Plaintiff alleges as follows:

The City of Lawrence, Kansas operates and oversees the Lawrence Police Department. Instead of sending recruits to the Kansas State Police Academy, the Lawrence Police Department conducts its own internal training program, which consists of a 26-week academy followed by 16 weeks of field training.

McCann and Blood are Lawrence police officers. During Blood's training, several training officers expressed concern about her performance and competency to work in law enforcement. Despite their concerns, Blood passed her training, received her commission and, in March of 2018, began patrolling without supervision.

On May 29, 2018, McCann initiated a traffic stop of plaintiff's vehicle. McCann stated that he had stopped plaintiff because he was not wearing his seatbelt. Plaintiff does not allege that he was wearing a seatbelt, but he believed the stop was racially motivated and asked to speak with a supervisor. McCann refused plaintiff's request multiple times.

After plaintiff and McCann had argued for several minutes, McCann called for back-up on a non-emergency basis. Blood responded and arrived at the scene moments later. When Blood arrived, McCann stated that plaintiff was going to jail and opened the driver's side door of plaintiff's vehicle. McCann attempted to forcibly remove plaintiff from the vehicle, and Blood went to the passenger side to assist. Blood entered plaintiff's vehicle on the passenger side and began attempting to forcibly push plaintiff from his vehicle. Plaintiff explained to Blood that he had requested to speak to a supervisor and repeated that request. While McCann and Blood continued to attempt to forcibly remove plaintiff from his vehicle, Blood used a pressure point maneuver to inflict pain on plaintiff and give McCann an advantage.

Plaintiff then exited his vehicle and engaged in a physical altercation with McCann at the back of the vehicle. Blood exited the passenger side of the vehicle and went to the back of the vehicle, where plaintiff and McCann were fighting. While plaintiff had McCann on the ground, Blood drew her firearm and discharged one round into plaintiff's back.[2] Blood's bullet entered lateral to plaintiff's spine, just above his hips.

---

[2]     Plaintiff does not specifically allege that he had McCann on the ground when Blood shot him. Rather, in their motion to dismiss, defendants assert that this was the case, and in response, plaintiff states that defendants' account of the event is accurate.

During the altercation between McCann and plaintiff, neither officer believed that the altercation required deadly force. Even though Blood had her taser, expandable baton and oleoresin capsicum spray, she did not attempt to intervene with those tools.

Plaintiff went to Stormont-Vail Hospital in Topeka for trauma care. Surgeons removed the bullet and performed a small bowel resection. Before departing for the hospital, plaintiff gave McCann his wife's phone number and asked that someone contact her. No one at the police department did so, and she learned of the shooting on Facebook. Later, a nurse contacted plaintiff's wife and she immediately went to the hospital. When she arrived, she was denied information regarding plaintiff on the premise that he was in custody.

For several days, plaintiff was denied any opportunity to speak with his wife or family and had uniformed police stationed outside and, at times, inside his hospital room.

As a result of this incident, plaintiff has incurred past and future medical expenses, lost past and future wages and suffered (and continues to suffer) emotional distress.

On September 20, 2019, plaintiff filed a complaint in state court which asserts the following claims:

Count I: Under 42 U.S.C § 1983, plaintiff asserts a Fourteenth Amendment bodily integrity and excessive force claim against Blood.

Count II: Under 42 U.S.C § 1983, plaintiff asserts a failure to train and supervise claim against the City of Lawrence, Lawrence Police Department and Burns.

Count III: Under state law, plaintiff asserts a negligence claim against Blood, the City of Lawrence and Lawrence Police Department.

Count IV: Under state law, plaintiff asserts a battery claim against McCann, Blood, the City of Lawrence and Lawrence Police Department.

Count V: Under state law, plaintiff asserts a claim of negligent infliction of emotional distress against McCann, Blood and the City of Lawrence.

See Petition, Exhibit A to Notice Of Removal (Doc. #1-1).

On January 10, 2020, plaintiff filed a Motion For Leave To File An Amended Complaint (Doc. #20), which defendants oppose. See Defendants' Response In Opposition To Plaintiff's Motion For Leave To File An Amended Complaint (Doc. #32) filed February 7, 2020. In his proposed amended complaint, plaintiff adds an allegation that McCann grabbed his arm and attempted to forcibly pull him from his vehicle by his arm. He also adds that after Blood shot plaintiff, McCann "used his body weight to hold plaintiff down on the hot pavement despite no resistance from plaintiff and protests by plaintiff that the pavement was burning him." Proposed First Amended Complaint (Doc. #20-1) at 5. In addition, plaintiff seeks to voluntarily dismiss his claims against Burns.

## Analysis

### I.        Motion To Dismiss Claims Against McCann

Plaintiff asserts two claims against McCann. Count IV asserts a battery claim against McCann, Blood and the City of Lawrence. Plaintiff alleges that defendants intended to cause harmful or offensive contact with plaintiff when they removed him from his vehicle, and that Blood intended to cause harmful or offensive contact with plaintiff when she shot him. Petition (Doc. #1-1) at 10. On this claim, plaintiff asserts that he has incurred more than $100,000 in damages.

Count V asserts a negligent infliction of emotional distress claim against McCann, Blood and the City of Lawrence. Plaintiff alleges that McCann and Blood "knew or should have known that their conduct, including the use of physically painful tactics to forcibly remove Plaintiff from his vehicle and shooting Plaintiff" would (and did) cause him "mental, nervous and emotional pain and suffering." Petition (Doc. #1-1) at 11. Plaintiff further asserts that the Police Department should have known that failing to contact plaintiff's wife would cause him mental, nervous and

emotional pain and suffering. He then asserts that he "has suffered physical pain and suffering as well as mental and emotional pain and suffering" because of defendants' conduct. Id. On this claim, plaintiff asserts that he has incurred more than $100,000 in damages. Id.

Defendants seek dismissal of plaintiff's claims against McCann because (1) plaintiff has failed to state a claim and (2) McCann is entitled to immunity under the Kansas Tort Claims Act ("KTCA"), K.S.A. § 75-6104. Defendants assert that in Counts IV and V, plaintiff refers to defendants collectively and does not allege sufficient facts regarding McCann. Plaintiff responds that he has satisfied the pleading requirement of Rule 8, Fed. R. Civ. P., and that McCann is not entitled to immunity.

A.      **Rule 8 Pleading Standard**

A complaint must contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a)(2). In addition, each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 establishes a floor and a ceiling: "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957). Rule 8 serves the important purpose of requiring plaintiff to state his claims intelligibly so as to inform defendants of the legal claims he asserts. Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007); see Conley v. Gibson, 355 U.S. 41, 47 (1957) (purpose of Rule 8 to give defendants fair notice of claim and grounds upon which it rests). Where plaintiff brings claims against more than one defendant, his complaint must give each one sufficient notice of the claims against that defendant. Hart v. Salois, 605 F. App'x 694, 697 (10th Cir. 2015) (affirming dismissal of complaint when

plaintiff "regularly rotate[d] between references to 'Defendants' and 'Individual Defendants' without making it clear which allegations [were] directed to which defendant or defendants").

Here, plaintiff improperly refers to defendants collectively and does not make clear which defendant engaged in what conduct. In Count IV, plaintiff does not specifically mention McCann. Instead, he lumps together the conduct of "defendants," then states that he has incurred damages as a result of their actions. Likewise, in Count V, plaintiff combines the conduct of McCann, Blood and the Police Department (failure to contact plaintiff's wife) and asserts that he incurred damages as a result of "defendants." In other words, plaintiff fails to adequately connect his legal claims (including damages) to his factual allegations as to each defendant. See Hart, 605 F. App'x at 701. The Court's job does not include searching through plaintiff's factual allegations and attempting to match them with the elements of possible claims against individual defendants. As to plaintiff's claims against McCann in Counts IV and V, plaintiff has failed to satisfy the notice pleading requirements of Rule 8.[3] The Court therefore dismisses without prejudice plaintiff's claims against McCann.

**B.     Kansas Tort Claims Act Immunities**

Defendants contend that under the Kansas Tort Claims Act, McCann is entitled to immunity because his decision to investigate and arrest plaintiff, and the amount of force necessary to accomplish the arrest, were discretionary functions. See K.S.A. § 75-6104(e). Plaintiff asserts that discretionary function immunity does not bar his tort claims because Kansas law limits an

---

[3]     Because the Court dismisses Counts IV and V as to McCann under Rule 8, it does not address defendants' argument that the Court should dismiss those claims under Rule 12(b)(6).

officer's discretion regarding when to arrest, and McCann did not have authority to arrest him for a traffic violation.

Defendants assert that McCann is also entitled to police protection immunity because he was "engaged in providing police protection throughout his encounter with plaintiff," was on duty and was acting within the scope of his employment. Other than the statute, defendants do not cite any legal authority to support their argument.[4] See K.S.A. § 75-6104(n). Plaintiff asserts that police protection immunity does not apply because McCann owed a special duty to plaintiff once he was in custody, and existence of a special duty renders police protection immunity inapplicable.

### i.      Discretionary Function Immunity

The exceptions to the Kansas Tort Claims Act provide immunity to governmental entities or employees in certain situations. K.S.A. § 75-6104. The discretionary function exception provides immunity from liability for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved." K.S.A. § 75-6104(e). Discretionary function immunity covers a choice made among reasonable options in the absence of any policies or procedures mandating a specific course of conduct. Estate of Randolph v. City of Wichita, No. 118,842, 2020 WL 288978, at *13 (Kan. App. Jan. 21, 2020). Courts construing this discretionary function exception and its common law source have generally held that it does not protect a law enforcement officer who uses an unreasonable amount of force or acts maliciously or wantonly. Allen v. Bd. of Comm'rs of Cty. of Wyandotte, 773 F. Supp. 1442, 1453 (D. Kan. 1991) (no KTCA protection for officers who act

---

[4]      Defendants do not argue that separate standards govern application of KTCA immunities to claims of negligent versus intentional tortious conduct.

maliciously, or wantonly fail to exercise care and diligence required); Hopkins v. State, 237 Kan. 601, 611, 702 P.2d 311, 319 (1985); Dauffenbachv. City of Wichita, 233 Kan. 1028, 1036, 667 P.2d at 386-87 (1983); Bradford v. Mahan, 219 Kan. 450, 454, 548 P.2d 1223, 1228 (1976). Accordingly, if an officer does not act unreasonably, he or she is entitled to immunity under the KTCA. See Fry ex rel. Estate of Fry v. City of Galena, KS, 450 F. Supp. 2d 1236, 1247 (D. Kan. 2006); Dauffenbach, 233 Kan. at 1034, 667 P.2d at 386 (officer generally has right to use reasonable force). Here, as a matter of law, McCann's decision to arrest plaintiff was discretionary because under Kansas law, law enforcement officers may – but are not required to – arrest for misdemeanor offenses, including seatbelt violations.[5]

At this stage, the Court cannot determine whether McCann is entitled to discretionary function immunity. Under Kansas law, McCann will be immune unless he used an unreasonable amount of force or acted maliciously or wantonly.[6] See Fry ex rel. Estate of Fry, 450 F. Supp. 2d at 1247. In other words, McCann will be immune if his use of force during the arrest was

---

[5]    In Kansas, a law enforcement officer may arrest for "[a]ny crime, except a traffic infraction or a cigarette or tobacco infraction. . . ." K.S.A. § 22-2401(d). Under Kansas law, a seatbelt violation is a misdemeanor – not a traffic infraction – for which a violator may be subject to arrest. Simpson v. Kansas, 593 F. App'x 790, 795 (10th Cir. 2014) ("Kansas law regards [plaintiff's] seatbelt offenses as misdemeanors.").

[6]    Under Kansas law, a law enforcement officer is justified in the use of any force which he or she reasonably believes is necessary to effect a lawful arrest and to defend the officer's self or another from bodily harm while making the arrest. K.S.A. § 21-5227(a). This statutory provision does not provide protection from liability for an officer's unreasonable use of force. Arnold v. City of Olathe, Kansas, 413 F. Supp. 3d 1087, 1112 (D. Kan. 2019). Because Kansas law provides that an officer may use a reasonable amount of force to make a lawful arrest, if McCann used a reasonable amount of force, his decision to arrest plaintiff would be a legally appropriate choice and thus immunized as a discretionary function. Conversely, if McCann used an unreasonable amount of force, his actions would be wrongful and, therefore, could not be protected discretionary acts.

privileged. Indeed, as the Kansas Court of Appeals recently held, "Where . . . the allegedly tortious conduct entails an intentional act that is either wrongful or privileged, discretionary function immunity really adds little to the mix. The determination on privilege necessarily drives the outcome." Estate of Randolph, 2020 WL 288978, at *13. Because whether McCann is immune turns on the reasonableness of his conduct, and plaintiff has failed to adequately plead his tort claims against McCann, the Court declines to further address discretionary function immunity at this time.

### ii. Police Protection Immunity

Under K.S.A. 75-6104(n), governmental entities and employees acting within the scope of their employment are not be liable for the "failure to provide, or the method of providing, police . . . protection." See Allen v. Bd. of Comm'rs of Cty. of Wyandotte, 773 F. Supp. 1442, 1455 (D. Kan. 1991). Police protection immunity "arguably reaches operational or tactical decisions made in the field" as officers respond to particular incidents, Estate of Randolph, 2020 WL 288978, at *13-14, and courts applying this exception have found that "a police officer is performing a police protection function when he or she takes a suspect into custody." Currie v. City of El Dorado, No. 07-1256-MLB, 2008 WL 11380070, at *4 (D. Kan. Aug. 20, 2008).

Here, McCann's decision to arrest plaintiff was a police protection function. As with discretionary function immunity, however, McCann is not entitled to police protection immunity if his use of force was unreasonable. See id.; see also Caplinger v. Carter, 9 Kan. App. 2d 287, 295, 676 P.2d 1300, 1307 (1984). Because plaintiff has failed to adequately plead his tort claims against McCann, the Court declines to further address this issue at this time.

## C.      Conclusion

The Court sustains defendants' motion to dismiss Counts IV and V against McCann but dismisses those counts without prejudice to refiling.  Because plaintiff has failed to adequately plead tort claims against McCann, the Court does not at this time address whether McCann is entitled to immunity under the KTCA.

## II.      Motion To Dismiss Claims Against Burns

On December 6, 2019, defendants filed a motion to dismiss plaintiff's claims against Burns.  Motion To Dismiss Plaintiff's Complaint Against Defendant Chief Gregory Burns (Doc. #11).  In response, plaintiff abandons his claims against Burns and, in his proposed amended complaint, seeks to dismiss Burns as a defendant.  See Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss (Doc. #19) at 1.  The Court therefore overrules as moot defendants' motion to dismiss plaintiff's claims against Burns and dismisses Burns from this case.

## III.      Motion For Leave To Amend

On January 10, 2020, plaintiff filed a Motion For Leave To File An Amended Complaint (Doc. #20).  In his proposed amended complaint, plaintiff alleges two additional facts: (1) that McCann grabbed plaintiff's arm and attempted to remove him from his vehicle by the arm and (2) that after Blood shot plaintiff, McCann "used his body weight to hold Plaintiff down on the hot pavement despite no resistance from Plaintiff and protests by Plaintiff that the pavement was burning him."  Proposed Amended Complaint (Doc. #20-1) at 4.

Defendants assert that the Court should deny plaintiff's request for leave to amend his complaint because (1) the proposed amendment is futile in that it does not address the deficiencies of his claims against McCann and (2) the facts which plaintiff adds in the proposed amendment

are not "newly discovered" and plaintiff could have included them in the original petition.[7]
Defendants' Response In Opposition To Plaintiff's Motion For Leave To File An Amended
Complaint (Doc. #32) filed February 7, 2020 at 3.

### A.     Legal Standard

Rule 15(a), Fed. R. Civ. P., provides that a party may amend the party's pleading once as
a matter of course at any time before a responsive pleading is served.   Otherwise, a party may
amend only by leave of court or written consent of the adverse party, and leave shall be freely
given when justice so requires.   Although Rule 15(a) requires that leave to amend "be freely given
when justice so requires," whether leave should be granted is within the Court's discretion.   See
Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).   In this regard, the Court
considers undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments
previously allowed, and undue prejudice to the opposing party or futility of amendment.   Frank
v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993); Hines v. Corr. Corp. of Am., No. 02-3347-
KHV, 2005 WL 1398659, at *1 (D. Kan. June 14, 2005).   A proposed amendment is futile if the
complaint, as amended, would be subject to dismissal.   Lind v. Aetna Health, Inc., 466 F.3d 1195,
1199 (10th Cir. 2006) (citations omitted); Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir.
2007).

### B.     Analysis

Overall, plaintiff's proposed amendment would be futile because it does not address the
Court's concerns discussed above, i.e., that plaintiff lumps defendants together in Counts IV and

---

[7]       Defendants do not oppose plaintiff's amended complaint to the extent that it seeks
to remove Burns as a defendant.

V and fails to connect his factual allegations with legal claims (including damages) against individual defendants. In other words, even with the additional allegations against McCann, Counts IV and V would still fail to satisfy the pleading requirements of Rule 8. That said, while plaintiff's proposed amendment does not remedy the deficiencies in his original state court petition, the Court believes that plaintiff can file an amended complaint which complies with Rule 8. The Court will therefore allow plaintiff to file his amended complaint because it moves the needle in the right direction in that it adds factual detail to his claims, and defendants will not suffer prejudice on account of said amendment.

The Court therefore sustains plaintiff's motion for leave to file an amended complaint.

### Conclusion

**IT IS THERFORE ORDERED** that defendants' Motion To Dismiss Plaintiff's Complaint Against Defendant Officer Ian McCann (Doc. #9) filed December 6, 2019 is **SUSTAINED**. As to Officer Ian McCann, the Court dismisses without prejudice Counts IV and V of plaintiff's state court petition. Petition, Exhibit A to Notice Of Removal (Doc. #1) filed October 16, 2019.

**IT IS FURTHER ORDERED** that defendants' Motion To Dismiss Plaintiff's Complaint Against Defendant Chief Gregory Burns (Doc. #11) filed December 6, 2019 is **OVERRULED as moot.** The Court dismisses Chief Gregory Burns from this case.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Leave To File An Amended Complaint (Doc. #20) filed January 10, 2020 is **SUSTAINED**. Plaintiff shall file his proposed amended complaint by 5:00 P.M. on **April 6, 2020**.

Dated this 25th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil

KATHRYN H. VRATIL
United States District Judge